# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6433 | **DATE** | 3/13/2002 |
| **CASE TITLE** | International Financial Services Corp. vs. Didde Corporation, Didde Web Press Corporation, Chromas Technologies, Inc., Webtron Corporation, Zigzag, Chromas Technologies Canada, Inc., Gerald R. Brown, David Didde, Robert Anderson, David Thompson, Francois Dallaire, Frank Laughlin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Frank Laughlin's Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) & (6); Plaintiff's Motion for leave to supplement its response in opposition to Laughlin's Motion to Dismiss; Defendants Brown, Didde, Thompson and Anderson's Motion for Judgment on the Pleadings

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the foregoing reasons, Laughlin's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED [31-1]. IFSC's motion to supplement its response to Laughlin's motion to dismiss is DENIED [40-1]. The joint motion for judgment on the pleadings by Brown, Didde, Thompson and Anderson is GRANTED [60-1]. As this Court lacks personal jurisdiction over Laughlin, Brown, Didde, Thompson and Anderson, they are dismissed from the Amended Complaint. Accordingly, Brown, Didde, Thompson and Anderson's motion for summary judgment [63-1] is dismissed as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 88 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

capacity. Thus, Brown, Didde, Thompson and Anderson are not subject to the personal jurisdiction of this Court.

## Conclusion

For the foregoing reasons, Laughlin's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED. IFSC's motion to supplement its response to Laughlin's motion to dismiss is DENIED. The joint motion for judgment on the pleadings by Brown, Didde, Thompson and Anderson is GRANTED. As this Court lacks personal jurisdiction over Laughlin, Brown, Didde, Thompson and Anderson, they are dismissed from the Amended Complaint and this Court need not address their remaining arguments in support of their motions to dismiss and for judgment on the pleadings, respectively.

Enter:

_[signature]_
David H. Coar
United States District Judge

Dated: March 13, 2002

## I. Factual Background

Plaintiff, International Financial Services Corporation ("IFSC") filed a five count Amended Complaint in this Court alleging breach of contract, fraud, conspiracy to defraud, unjust enrichment, and constructive trust against, inter alia, Laughlin and Didde Web Press Corporation ("DWP"), Didde, Brown, Thompson and Anderson. According to the Amended Complaint, IFSC's claims arise from a three-cornered commercial transaction between DWP, Label Tech, Inc., and IFSC in 1999. DWP manufactured and sold commercial printing presses. On September 24, 1999, Label Tech, a corporation based in Texas, contracted to purchase a Webtron Folding Carton Press (the "Equipment") from DWP. According to Label Tech's agreement with DWP, 50% of the total purchase price was to be paid within 120 days of the order. On September 28, 1999, IFSC entered into a lease agreement with Label Tech to fund the manufacture of the Equipment by DWP. IFSC alleges that the timetable for the payments was based on DWP's need to finance the purchase of components from third parties.

With respect to its fraud claims against Laughlin, IFSC alleges that certain employees of the "various Didde entities" held monthly meetings in Florida to discuss cash flow operations and that Laughlin allegedly participated in several such meetings. At one of those meetings, on or about November or December of 1999, IFSC alleges that Laughlin's superiors "instructed Laughlin" to contact IFSC's president, Bob Seeds ("Seeds"), in order to request the advance of additional funds to be used to finance the Equipment. IFSC alleges that Laughlin made the call to Seeds "as directed." Allegedly, Laughlin told Seeds that "more money was needed to fund manufacture of the Equipment," and "the previous payment had been used to buy O.E.M. parts for the Equipment, that the press was on schedule, and that the requested additional payment was

being used to pay for O.E.M. parts that CT had already contracted to buy for the manufacture of the Equipment." IFSC alleges that those statements were false and that Laughlin's superiors knew they were false when they directed Laughlin to make them. In so doing, IFSC charges that Laughlin committed an act of fraud against IFSC and participated in a conspiracy to defend IFSC.

Laughlin is a resident of Florida and has never had an office, a telephone number, or a bank account in Illinois. Laughlin was employed by DWP at the time of the alleged fraud. David Didde is an officer of DWP and Didde Corporation. David Didde's first contact with IFSC in connection with the transaction was in the late Fall of 2000 after the payments in issue had been made. At that time, he traveled to Chicago with others to meet creditors, one of which was IFSC. Dave Thompson was an officer of DWP and Didde Corporation. Thompson had a telephone conversation with Seeds in the Summer of 2000, after the payments in issue had been made. He also attended the meeting of creditors in Chicago referenced above. Robert Anderson was an officer of Didde Corporation and of a division of DWP. Anderson attended two trade shows in Illinois in 1999 and 2000 as a representative of the Didde corporate entities. Gerald R. Brown was an officer of both Didde Corporation and DWP. Brown recalls one telephone coversation with IFS in the Spring of 2000 initiated by Seeds, after the payments in issue had been made.

## II. Standards

Once a defendant has challenged a court's jurisdiction over his or her person, the plaintiff has the burden of showing personal jurisdiction. RAR Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997). In determining whether the plaintiff has met his or her burden of proving

personal jurisdiction, the court may receive and consider affidavits from both parties. Glass v. Kemper Corp., 930 F.Supp. 332, 337 (N.D. Ill. 1996). The court resolves factual disputes in the pleadings and affidavit in favor of the plaintiff but takes as true facts contained in the defendant's affidavit that the plaintiff does not dispute. Id.

When ruling on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a district court accepts the allegations pleaded in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493 (7th Cir. 1998). Accordingly, a motion for judgment on the pleadings should not be granted unless it appears beyond doubt that the plaintiff can prove no facts that would support his claim for relief. Thomason v. Nachtriev, 888 F.2d 1202, 1204 (7th Cir. 1989).

### III. Analysis

Laughlin moves for dismissal of the Amended Complaint with respect to Laughlin pursuant to Rule 12(b)(2) claiming that this Court lacks personal jurisdiction over him. According to Laughlin, the fiduciary shield doctrine would prohibit the assertion of personal jurisdiction over him in Illinois because Laughlin was at all relevant times acting as a corporate employee at the direction of his employer. Laughlin also argues that Counts II and III of the Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Laughlin maintains that IFSC cannot maintain a cause of action for fraud (Count II) against Laughlin individually because Laughlin was at all relevant times acting with the knowledge and under the direction of his then employer. Further, Laughlin argues that

IFSC cannot maintain a claim for an alleged civil conspiracy (Count III) between a corporation, its employees and officers.

Brown, Didde, Thompson and Anderson move for judgment on the pleadings claiming that (1) this Court lacks personal jurisdiction over them due to the fiduciary shield doctrine; (2) IFSC failed to join an indispensable party, Labeltech; (3) IFSC cannot maintain a cause of action against them personally for conduct they engaged in solely as representatives of DWP; (4) fellow officers of a corporation cannot be held liable on a conspiracy to defraud theory; (5) IFSC cannot establish reliance, a prerequisite of fraud; and (6) the loss IFSC suffered was not a direct result of any alleged reliance upon representations.

In a case based on diversity of jurisdiction, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. RAR, Inc., 107 F.3d at 1275. In considering a challenge to personal jurisdiction, the court must look to state statutory law, state due process law, and federal due process law. RAR, 107 F.3d at 1276. Under the Illinois long-arm provision, a court may exercise jurisdiction over nonresident defendants, "as to any cause of action arising from" the commission of a tortious act with the state. 715 IlCS 5/2-209(a)(2). The Illinois long-arm statute further states, "A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2- 209(c). Finally, where jurisdiction is predicated on subsection (a), only causes of action arising from the enumerated acts may be asserted against a nonresident defendant. 735 ILCS 5/2-209(f). To satisfy the requirements of federal due process, the non-resident defendant must have sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional

notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In determining whether sufficient minimum contacts exist, courts consider whether a defendant could "reasonably anticipate being haled into court" in Illinois. World-Wide Volkswagen Corp. v. Woodsen, 444 U.S. 286, 297, 100 S.Ct. 554, 62 L.Ed.2d 490 (1980). This requirement is satisfied when the defendant intentionally directs his activities at forum state residents and the litigation arises from injuries allegedly caused by those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The

IFSC argues that this Court has personal jurisdiction over Laughlin because a defendant need not be physically present in a state to submit to personal jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Where a relationship is naturally based on telephone and mail contacts, those contacts can justify jurisdiction over a defendant. Heritage House Restaurants, Inc. v. Continental Funding Group, Inc., 906 F.2d 276, 281 (7th Cir. 1990). IFSC further argues that because Laughlin initiated telephone calls to IFSC in Illinois and made fraudulent representations to induce IFSC to advance more money, Laughlin intended to affect Illinois interests and thus is subject to jurisdiction under the Illinois long-arm statute. See FMC Corp. v. Varonos, 892 F.2d 1308, 1313, n. 9 (7th Cir. 1989).

Even assuming, arguendo, that jurisdiction is proper based on the Illinois long-arm statute and federal due process, the fiduciary shield doctrine prevents the exercise of personal jurisdiction over Laughlin. The doctrine similarly bars this Court from exercising personal

jurisdiction over Brown, Didde, Thompson and Anderson.[1]  "The fiduciary shield doctrine prevents the court from exercising personal jurisdiction over an individual whose contacts with Illinois are solely the result of acts as a representative or fiduciary of a corporation." Central States, SE and SW Areas Pension Fund v. Edwards, 1996 WL 385344, n. 10 (N.D. Ill. 1996); see also Rollins, 141 Ill.2d at 276.  Therefore, even to the extent that minimum contacts exist between IFSC and DWP, Laughlin, Brown, Didde, Thompson and Anderson are shielded from exercise of personal jurisdiction over them in Illinois because the alleged tortious acts were performed in their representative capacities. Plastic Film Corp. of America, Inc. v. Unipac, Inc., 128 F.Supp.2d 1143 (N.D. Ill. 2001) (nonresident corporate officer defending against Illinois fraud case protected from the exercise of court's jurisdiction by fiduciary shield doctrine).

Laughlin's telephone call simply does not suffice to establish personal jurisdiction in Illinois.  Alpert v. Bertsch, 235 Ill.App.3d at 461.  In Alpert, the court affirmed an order quashing service where the plaintiff, like IFSC, premised personal jurisdiction over nonresident shareholders and directors of a corporation upon allegedly false statements they made in telephone calls placed from out of state to the plaintiff in Illinois.  The court found that it lacked personal jurisdiction under the fiduciary shield doctrine because the telephone calls into Illinois were made in defendants' representative or fiduciary capacities on behalf of the corporation. Id. Even if the telephone calls would subject the company to jurisdiction in Illinois, they would not suffice to hale the individual defendants into court because the alleged statements were made by the individual defendants as representatives of the company, and not in furtherance of their own

---

[1] Brown, Didde, Thompson and Anderson's argument regarding personal jurisdiction focuses on the fiduciary shield doctrine, not on the Illinois long arm statute.

personal interest. Id. at 461-2. The court concluded that it was unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts were acts performed for the benefit of his employer. Id. at 461.

Indeed, IFSC alleges facts that affirmatively demonstrate the applicability of the fiduciary shield doctrine to Laughlin because Laughlin's alleged misrepresentations were made pursuant to express instructions from his employer. See Robinson v. Sabis Education Systems, Inc., No. 98 C 4251, 1999 WL 412642 at n3 (no personal jurisdiction under fiduciary shield doctrine where complaint affirmatively alleged that defendant was ordered to perform the complained of action by his superior). Given that IFSC alleges that Laughlin was instructed by his employer to make the alleged telephone call to IFSC, it is manifestly unfair to use this act as a basis to assert personal jurisdiction over him as an individual. Glass v. Kempber Corporation, 930 F.Supp. 332, 342 (N.D. Ill. 1996) (where defendant was acting at employer's direction when he allegedly committed fraud, he "falls squarely within the fiduciary shield doctrine with respect to any contacts with Illinois related to or arising out of his fraudulent acts.")

IFSC attempts to supplement its response in opposition to Laughlin's motion to dismiss by submitting a second affidavit by Robert G. Seeds, the president of IFSC. In the affidavit, Seeds alleges that in September 2000 he spoke with Laughlin at a Label Expo trade show in Illinois. During the conversation, Laughlin allegedly told Seeds that "he felt really bad about what had happened ." According to Seeds, Laughlin opined that "bad stuff" had happened at Didde and asked him not to sue until after DWP received funds from American Capital Strategies. These statements in no way support IFSC's claims against Laughlin because they were allegedly made in September 2000, nearly a year after IFSC advanced the $187,034.20 on

December 16, 1999, which concluded the only fraud alleged in the amended complaint. If IFSC believes that these statements constitute a second fraud claim (e.g. false statements made to induce IFSC to forbear), it should plead that. The statements do not support jurisdiction under the current complaint nor do they avoid the effect of the fiduciary shield doctrine. Consequently, IFSC's motion to supplement its response is denied and Laughlin is dismissed as a defendant to the Amended Complaint.

IFSC argues that Brown, Didde, Thompson and Anderson should not be protected by the fiduciary shield doctrine because they are high ranking officers and engaged in intentional, tortious, and fraudulent conduct over matters in which they had control and discretion. The fiduciary shield doctrine will not prevent jurisdiction over an individual defendant where the corporation is the individual's "alter ego." State Security Ins. Co. v. Hall, 530 F. Supp. 94, 98 (N.D. Ill. 1981). However, just because an individual is a member of management or holds controlling positions in a corporation does not nullify the protection of the fiduciary shield. Id.; see also Kula v. J.K. Schofield & Co., Inc., 668 F.Supp. 1126, 1129 (N.D. Ill. 1987). This is because Illinois recognizes that corporate officers, directors and shareholders are separate and distinct from the corporation. Kula, 668 F.Supp. at 1129.

In State Security, an individual defendant was a major stockholder, president and chief operating agent of a company acquired by the corporate defendant and president of a corporate defendant, and had numerous contacts with the plaintiff. Without further facts that the corporation was a "shell," the court refused to pierce the fiduciary shield. State Security, 530 F. Supp. at 98. Similarly, IFSC has alleged nothing more in its complaint other than Brown, Didde, Thompson and Anderson's status with respect to DWP and the alleged actions they took in that

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL FINANCIAL SERVICES CORPORATION, </br></br>Plaintiff, </br></br>v. </br></br>DIDDE CORPORATION, DIDDE WEB PRESS CORPORATION, CHROMAS TECHNOLOGIES, INC., WEBTRON CORPORATION, ZIGZAG, CHROMAS TECHNOLOGIES CANADA, INC., GERALD R. ("JAY") BROWN, DAVID DIDDE, ROBERT ANDERSON, DAVID THOMPSON, FRANCOIS DALLAIRE, FRANK LAUGHLIN, </br></br>Defendants. | No. 00 C 6433 </br></br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is (1) Defendant Frank Laughlin's ("Laughlin") Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) & (6); (2) Plaintiff's Motion for leave to supplement its response in opposition to Defendant Frank Laughlin's Motion to Dismiss; and (3) the Joint Motion of Defendants Brown, Didde, Thompson and Anderson for judgment on the pleadings under Fed. R. Civ. P. 12(c) due to lack of personal jurisdiction. For the reasons set forth below, Laughlin's motion to dismiss is granted, plaintiff's motion for leave to supplement its response is denied and Brown, Didde, Thompson and Anderson's motion for judgment on the pleadings is granted.